IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:26-cv-24461

PEDRO VALDES, JUAN GONZALEZ, FRANCISCO R. MEJIDO, RUDY HERNANDEZ, CHRISTIAN A. VEGA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**JURY TRIAL DEMANDED**

CITY OF MIAMI GARDENS, FLORIDA,

Defendant.

______________________________________/

## CLASS ACTION COMPLAINT

Plaintiffs, PEDRO VALDES, JUAN GONZALEZ, FRANCISCO R. MEJIDO, RUDY HERNANDEZ, and CHRISTIAN A. VEGA, individually and on behalf of all other similarly situated individuals, sue Defendant, the CITY OF MIAMI GARDENS, FLORIDA, and allege as follows:

## INTRODUCTION & NATURE OF THE ACTION

1. This is a class action employment discrimination and civil rights lawsuit brought by current and/or former law enforcement officers of the City of Miami Gardens Police Department (MGPD) who have been subjected to a systemic, deep-seated pattern, practice, and *de facto* policy of discrimination and unlawful retaliation.
2. Defendant, the City of Miami Gardens, has actively fostered, permitted, and executed an ongoing operational policy targeting White Hispanic Male officers for disparate treatment based explicitly on their race (White), gender (Male), and national origin/ethnicity (Hispanic).

3. This discriminatory policy is carried out through an ongoing campaign of punitive and humiliating duty transfers, unwarranted written reprimands, arbitrary suspensions, demotions, and adverse alterations of assignments designed to derail their careers.
4. Furthermore, when White Hispanic Male officers engage in protected activity by complaining of this systemic bias, the City, through MGPD leadership, engages in swift, coordinated, and severe operational retaliation to silence dissent and force out targeted officers.
5. Plaintiffs bring this action to secure declaratory and injunctive relief to halt the City's unconstitutional employment practices, and to obtain full compensatory damages, back pay, and career restitution for themselves and the Class.

**JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 (Federal Question), as this action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1983.
7. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the claims under the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.01 *et seq.*, are so related to the federal claims that they form part of the same case or controversy.
8. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b) because the Defendant municipality resides within this judicial district, and all material employment actions, transfers, and retaliatory conduct occurred herein.
9. Plaintiffs have exhausted their administrative remedies by filing timely charges of discrimination with the Equal Employment Opportunity Commission (EEOC) and the

Florida Commission on Human Relations (FCHR) and have received (or are entitled to receive) Notices of Right to Sue.

## PARTIES

10. Plaintiff Pedro Valdes is a White Hispanic Male law enforcement officer employed by the Defendant who has been subjected to ongoing discrimination, hostile duty reassignments, and retaliation from September 28, 2024, continuing through the present.
11. The discrimination, hostile work environment, retaliation and adverse action was taken against him because he is a White Hispanic male and because he complained about unlawful policies in the City that violated Federal and State of Florida Civil Rights Statutes.
12. Plaintiff Juan Gonzalez is a White Hispanic Male law enforcement officer employed by the Defendant who has been subjected to ongoing discrimination, hostile duty reassignments, and retaliation from November 21, 2024, continuing through the present.
13. The discrimination, hostile work environment, retaliation and adverse action was taken against him because he is a White Hispanic male and because he complained about unlawful policies in the City that violated Federal and State of Florida Civil Rights Statutes.
14. Plaintiff Francisco R. Mejido is a White Hispanic Male law enforcement officer employed by the Defendant who has been subjected to an extensive, ongoing pattern of discrimination, hostile duty reassignments, and retaliation from February 2020, continuing through the present.
15. The discrimination, hostile work environment, retaliation and adverse action was taken against him because he is a White Hispanic male and because he complained about unlawful policies in the City that violated Federal and State of Florida Civil Rights Statutes.

16. Plaintiff Rudy Hernandez is a White Hispanic Male law enforcement officer employed by the Defendant who has been subjected to ongoing discrimination, hostile duty reassignments, and retaliation from December 2024, continuing through the present.

17. The discrimination, hostile work environment, retaliation and adverse action was taken against him because he is a White Hispanic male and because he complained about unlawful policies in the City that violated Federal and State of Florida Civil Rights Statutes.

18. Plaintiff Christian A. Vega is a White Hispanic Male law enforcement officer employed by the Defendant who has been subjected to ongoing discrimination, hostile duty reassignments, and retaliation from June 19, 2024, continuing through the present.

19. The discrimination, hostile work environment, retaliation and adverse action was taken against him because he is a White Hispanic male and because he complained about unlawful policies in the City that violated Federal and State of Florida Civil Rights Statutes.

20. Defendant City of Miami Gardens is a Florida political subdivision and municipal corporation. The City operates, funds, administers, and controls the City of Miami Gardens Police Department (MGPD), acting at all times relevant as the statutory "employer" of Plaintiffs under Title VII and the FCRA.

**CLASS ACTION ALLEGATIONS (FRCP 23)**

21. Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) on behalf of a proposed Class defined as: "All individuals who are or were employed as sworn law enforcement officers by the City of Miami Gardens Police Department who identify as White, Male, and Hispanic, and who, from February 2020 through the present, were subjected to disciplinary action, written reprimands, suspensions, demotions, unfavorable duty reassignments, or retaliation."

22. The proposed Class is so numerous that joinder of all members is impracticable. Upon information and belief, the MGPD employs dozens of White Hispanic Male officers who have been uniformly subjected to the policies and practices challenged herein.

23. There are prominent questions of law and fact common to the Class, including whether the City of Miami Gardens has an unwritten *de facto* policy or practice of subjecting White Hispanic Male officers to harsher disciplinary standards and less favorable assignments than non-class members; whether MGPD leadership systematically uses punitive, humiliating duty transfers to isolate and punish White Hispanic Male officers; whether the City maintains a pattern and practice of retaliating against White Hispanic Male officers who complain of statutory civil rights violations; and whether the City's practices violate Title VII, the FCRA, and the Fourteenth Amendment.

24. The claims of the named Plaintiffs are identical to and typical of the claims of the Class. Every named Plaintiff is a White Hispanic Male MGPD officer who suffered the exact same adverse timeline: discrimination based on protected traits, internal complaints, followed by immediate punitive duty transfers, structural isolation, and targeted reprimands.

25. The named Plaintiffs will fairly and adequately protect the interests of the Class. They have no interests antagonistic to those of the class members and have retained competent, experienced counsel specializing in complex civil rights and employment class litigation.

## STATEMENT OF MATERIAL FACTS

26. Over a sustained multi-year period, the City of Miami Gardens, through the administrative leadership and command staff of the MGPD, has engineered and executed an unwritten, institutionalized policy targeting White Hispanic Male officers.

27. Non-White Hispanic Male officers are routinely given more favorable operational treatments, preferential assignments, and are shielded from severe disciplinary measures for similar conduct.

28. Conversely, White Hispanic Male officers are subjected to heightened scrutiny, bad-faith internal investigations, written reprimands for trivial matters, and arbitrary suspensions.

29. A core mechanism of this *de facto* policy is the retaliatory use of humiliating duty transfers. When a White Hispanic Male officer gains tenure, specialized status, or expresses opposition to disparate treatment, the City abruptly strips them of their duties, reassigns them to less favorable or downgraded shifts, and targets their professional standing to dismantle their career trajectories.

30. Beginning in February 2020 and continuing through the present day, Officer Francisco R. Mejido has been continuously targeted by MGPD command staff with career-degrading reassignments, badges of reprimand, and professional isolation driven strictly by his status as a White Hispanic Male and his refusal to quietly accept discriminatory practices.

31. Beginning on or about June 19, 2024, Officer Christian A. Vega was integrated into this discriminatory cycle. Despite exemplary service, he was subjected to arbitrary reprimands and structural demotions designed to humiliate him and alter his employment status to less favorable police assignments. He was also retaliated against when he complained about these unlawful practices.

32. Beginning on or about September 28, 2024, Officer Pedro Valdes became a direct target of the policy. Following instances of protected complaints regarding disparate treatment within the department, Officer Valdes was hit with punitive duty transfers and written reprimands designed to systematically sabotage his career within the MGPD.

33. On or about November 21, 2024, Officer Juan Gonzalez was subjected to the exact same adverse operational pattern. After pushing back against the department's hostile double standards, he was hit with retaliatory reassignments and bad-faith disciplinary maneuvers.
34. In December 2024, the City targeted Officer Rudy Hernandez, using the exact same playbook. Officer Hernandez was stripped of his favorable duties, hit with career-sabotaging reassignments, and subjected to a hostile working environment due to his race, ethnicity, and gender.

**COUNT I**
**TITLE VII – DISCRIMINATION SYSTEMIC DISPARATE TREATMENT**
**(PATTERN OR PRACTICE)**
**(RACE, GENDER, AND NATIONAL ORIGIN DISCRIMINATION)**

35. Plaintiffs reallege and incorporate paragraphs 1 through 34 as if fully set forth herein.
36. Plaintiffs and the Class are members of protected categories under Title VII by virtue of their race (White), gender (Male), and national origin/ethnicity (Hispanic).
37. Defendant City of Miami Gardens, via the MGPD command structure, has intentionally engaged in a systemic pattern and practice of discrimination against the Plaintiffs and the Class by subjecting them to adverse employment actions, including arbitrary suspensions, demotions, career-destroying reprimands, and hostile duty transfers under Title VII.
38. The City's discriminatory practices were executed uniformly against the Class, demonstrating that disparate treatment was the MGPD's standard operating procedure rather than isolated, sporadic incidents.
39. Each of the named Plaintiffs and Class Members suffered damages.

**COUNT II**
**TITLE VII – RETALIATION**

40. Plaintiffs reallege and incorporate paragraphs 1 through 34 as if fully set forth herein.

41. Plaintiffs and the Class engaged in protected activities under 42 U.S.C. § 2000e-3(a) by vocally opposing, filing internal complaints, or otherwise objecting to the City's unlawful, discriminatory employment double standards.

42. Following and as a direct result of these protected disclosures, Defendant took immediate, adverse, and punitive employment actions against Plaintiffs in violation of Title VII's anti-retaliation provisions, including but not limited to, stripping them of specialized assignments, initiating bad-faith disciplinary write-ups, and executing humiliating duty transfers.

43. The City's retaliatory actions would dissuade a reasonable worker from making or supporting a charge of discrimination and were designed to silence structural complaints within the MGPD.

44. As a result, each of the Plaintiffs and class members suffered damages.

**COUNT III**
**FLORIDA CIVIL RIGHTS ACT (FCRA) – DISPARATE TREATMENT & RETALIATION**

45. Plaintiffs reallege and incorporate paragraphs 1 through 34 as if fully set forth herein.

46. Defendant is an "employer" subject to the mandates of the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq*.

47. Through the uniform operational actions alleged above, Defendant has violated the FCRA by discriminating against and retaliating against Plaintiffs and the Class based on their race, gender, ethnicity, and protected oppositional activities, resulting in identical economic and non-economic harm within the State of Florida.

## CONCLUSION

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, respectfully request that this Court enter judgment against Defendant City of Miami Gardens, providing the following relief:

- An order certifying the proposed Class under FRCP 23, designating the named Plaintiffs as Class Representatives, and appointing their under-signed counsel as Class Counsel;
- A declaration that Defendant's policies, practices, and customs as described herein violate Title VII, the Florida Civil Rights Act, and the Fourteenth Amendment to the United States Constitution;
- A permanent injunction restraining Defendant, its agents, and MGPD command staff from continuing their policy of discriminatory disciplinary actions, retaliatory transfers, and targeting of White Hispanic Male officers;
- An award of all financial damages, including back pay, front pay, lost benefits, compensatory damages for emotional distress and career destruction, and nominal damages;
- An award of reasonable attorneys' fees, expert witness fees, and litigation costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k); and
- Such other and further relief as this Court deems just, equitable, and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all counts and issues so triable.

Dated: June 28, 2026

Respectfully submitted,

**MICHAEL A. PIZZI, ESQ.**
Florida Bar No. 79545
Law Office of Michael A. Pizzi, P.A.
6625 Miami Lakes Drive, Suite 316
Miami Lakes, Florida 33014
Telephone: (786) 594-3948
Email: mpizzi@pizzilaw.com

*Counsel for Plaintiffs and the Proposed Class*

By: */s/ Michael A. Pizzi*
**MICHAEL A. PIZZI, ESQ.**